United States Courts
Southern District of Texas
F I L E D

SEP 1 6 2021

Nathan Ochsner
Clerk of Court

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-20-584-S1 |
| | § | |
| HASSAN ALI ALBORAGEEF, | § | |
| SAIF TAHA AL MAYYAHI, | § | |
| RAMI ALI MATTAR, | § | |
| ROSE BERBERIAN, and | § | |
| HASSAN AL GHARAWI | § | |
| Defendants. | § | |

## SUPERSEDING INDICTMENT

**THE GRAND JURY CHARGES THAT:**

### Introduction

At all times material to this Indictment:

### The Export Control Reform Act of 2018

1.      The Export Control Reform Act of 2018 ("ECRA"), 50 U.S.C. §§ 4801-4852, provides for the control of the export, re-export, and in-country transfer of items, and specific activities of United States persons, wherever located, that implicate national security.  To that end, ECRA grants the President the authority to control "(1) the export, re-export, and in-country transfer of items subject to the jurisdiction of the United States, whether by United States persons or by foreign persons; and (2) the activities of United States persons, wherever located, relating to" specific categories of items.  It is unlawful for a person to violate, attempt to violate, conspire to violate, or cause a violation of any license, order, regulation, or prohibition issued under ECRA.  50 U.S.C. § 4819.  Willful violations of ECRA are crimes punishable by a prison term of up to 20 years and fines of up to a $1,000,000.  50 U.S.C. § 4819(b).

2.      Pursuant to ECRA's authority, the United States Department of Commerce ("U.S. Department of Commerce" or "DOC") reviews and controls the export of certain items,

1

including commodities, software, and technology, from the United States to foreign countries through the Export Administration Regulations ("EAR"), 15 C.F.R. §§ 730-774. In particular, the EAR restricts the export of items that could make a significant contribution to the military potential of other nations or that could be detrimental to the foreign policy or national security of the United States, and impose licensing and other requirements for items subject to the EAR lawfully to be exported from the United States. "Export" is defined in the EAR as an "actual shipment or transmission out of the United States." 15 C.F.R. § 734.13(a)(1).

3.     The most sensitive items subject to EAR controls are identified on the Commerce Control List ("CCL"). 15 C.F.R. part 774, Supp. No. 1. Items on the CCL are categorized by Export Control Classification Number ("ECCN") based on their technical characteristics. Each ECCN has export control requirements depending on destination, end user, and end use.

4.     As further described below, the referenced firearms included non-automatic and semi-automatic firearms equal to .50 caliber or less, are classified under ECCN 0A501.a and ammunition for firearms controlled by ECCN 0A501, classified under ECCN 0A505.a; controlled for national security, regional stability, and United States embargo reasons; and required a license from the U.S. Department of Commerce for export to the Republic of Iraq and the Republic of Colombia. Consequently, it is illegal for any person to export from the United States any firearms that are controlled pursuant to the EAR without an export license or other written authority from the U.S. Department of Commerce.

### Smuggling of Goods from the United States

5.     It is unlawful for a person to violate United States smuggling laws. Title 18, United States Code, Section 554(a) makes it a federal crime to fraudulently or knowingly export or send from the United States, or attempt to export or send from the United States, any merchandise, article, or object contrary to any law or regulation of the United States, or receive, conceal, buy, sell, or in any manner facilitate the transportation, concealment, or sale of such merchandise, article

2

or object, prior to exportation, knowing the same to be intended for exportation contrary to any law or regulation of the United States. Willful violations of Title 18, United States Code, Section 554, are punishable by a prison term of up to 10 years. 18 U.S.C. § 554(a).

6.    The following items could not and cannot be exported from the United States without a license or written approval from the U.S. Department of Commerce under the CCL pursuant to the EAR:

(1) an Anderson Manufacturing, AM-15, multi caliber;

(2) a Century Arms, VSKA, 7.62 mm rifle;

(3) a Century Arms, C39V2, 7.62 mm rifle;

(4) a Century Arms, C93, 5.56 mm pistol;

(5) a Steyr, GB, 9 mm pistol;

(6) a FN Herstal, Five-Seven, 5.7 mm pistol;

(7) a Ruger, Ruger 57, 5.7 mm pistol;

(8) a CZ, P-10, 9 mm pistol;

(9) a Magnum Research, Desert Eagle, .357 caliber pistol;

(10)  a Ruger, Ruger-57, 5.7 mm pistol;

(11)  a Tanfoglio, Witness 9, 9 mm pistol;

(12)  a CZ, BREN, .223 caliber rifle;

(13)  a SIG Sauer, P320, 9mm pistol;

(14)  a Glock, 17, 9mm pistol; and

(15)  a Kel-Tec, PMR-30, .22 caliber pistol.

7.    HASSAN ALI ALBORAGEEF never applied for, received, or possessed a license from the U.S. Department of Commerce to export the referenced firearms.

8.    SAIF TAHA AL MAYYAHI never applied for, received, or possessed a license from the U.S. Department of Commerce to export the referenced firearms.

3

9.      RAMI ALI MATTAR never applied for, received, or possessed a license from the U.S. Department of Commerce to export the referenced firearms.

10.     ROSE BERBERIAN never applied for, received, or possessed a license from the U.S. Department of Commerce to export the referenced firearms.

11.     HASSAN AL GHARAWI never applied for, received, or possessed a license from the U.S. Department of Commerce to export the referenced firearms.

## COUNT ONE

### (50 U.S.C. §§ 4801-4852 – Violations of the Export Control Reform Act)

From on or about March 10, 2020 to on or about September 16, 2021, in the Southern District of Texas and elsewhere,

**HASSAN ALI ALBORAGEEF,
SAIF TAHA AL MAYYAHI,
RAMI ALI MATTAR,
ROSE BERBERIAN,
and
HASSAN AL GHARAWI,**

defendants and others known and unknown, knowingly and willfully combined, conspired, confederated, and agreed together and with each other to violate, and to cause a violation of, licenses, orders, regulations, and prohibitions issued under the Export Control Reform Act.  It was part and an object of the conspiracy that the defendants, and others known and unknown, did agree to export and to cause to be exported from the United States items controlled under ECRA, to wit, firearms and ammunition, to the Republic of Iraq without having first obtained a license for such export from the U.S. Department of Commerce.

In violation of section Title 50, United States Code, Sections 4819(a)(1), 4819(a)(2)(A), (B), (C), (D), (E), (F), and (G), and 4819(b), and 15 C.F.R. § 736.2(b)(1).

## COUNT TWO

### (18 U.S.C. § 554 -Smuggling)

From on or about March 10, 2020 to on or about March 16, 2020, in the Houston Division of the Southern District of Texas,

**HASSAN ALI ALBORAGEEF,
SAIF TAHA AL MAYYAHI,
and
RAMI ALI MATTAR,**

defendants herein, did fraudulently and knowingly export and send, and attempted to export and send, any merchandise, article and object, to wit the following firearms:

(1) a FN Herstal, Five-Seven, 5.7 mm pistol;

(2) a FN Herstal, Five-Seven, 5.7 mm pistol, with obliterated serial number;

(3) a CZ, 75 SP-01, 9 mm, pistol;

(4) a Magnum Research, Desert Eagle, .50 caliber pistol; and

(5) an IMI, Desert Eagle, .44 caliber pistol,

from the United States, contrary to ECRA, a law and regulation of the United States.

All in violation of Title 18, United States Code, Sections 554(a) and 2.

## COUNT THREE

### (18 U.S.C. § 554 - Smuggling)

On or about August 20, 2020, in the Houston Division of the Southern District of Texas,

**SAIF TAHA AL MAYYAHI,**

defendant herein, did fraudulently and knowingly export and send, and attempted to export and send, any merchandise, article and object, to wit the following firearms:

(1) a SIG Sauer, P320 X-Five, 9 mm pistol;

(2) a Smith & Wesson, M&P 40 Shield M2.0, .40 caliber pistol;

(3) a Glock, 19X, 9 mm pistol;

(4) a FN Herstal, Five-Seven, 5.7 mm pistol; and

(5) a Romarm Cugir, WASR-10 UF, 7.62 mm rifle,

from the United States, contrary to ECRA, a law and regulation of the United States.

All in violation of Title 18, United States Code, Sections 554(a) and 2.


## COUNT FOUR

### (18 U.S.C. § 554 - Smuggling)

On or about November 10, 2020, in the Houston Division of the Southern District of Texas,

### SAIF TAHA AL MAYYAHI,

defendant herein, did fraudulently and knowingly export and send, and attempted to export and

send, any merchandise, article and object, to wit the following firearms:

(1) an Anderson Manufacturing, AM-15, multi caliber;

(2) a Century Arms, VSKA, 7.62 mm rifle;

(3) a Century Arms, C39V2, 7.62 mm rifle;

(4) a Century Arms, C93, 5.56 mm pistol; and

(5) a Steyr, GB, 9 mm pistol,

from the United States, contrary to ECRA, a law and regulation of the United States.

All in violation of Title 18, United States Code, Sections 554(a) and 2.


## COUNT FIVE

### (18 U.S.C. § 554 - Smuggling)

On or about July 23, 2020, in the Houston Division of the Southern District of Texas,

### RAMI ALI MATTAR,

defendant herein, did fraudulently and knowingly export and send, and attempted to export and

send, any merchandise, article and object, to wit the following firearms:

(1) a FN Herstal, Five-Seven, 5.7 mm pistol;

(2) a Ruger, Ruger 57, 5.7 mm pistol; and

(3) a CZ, P-10, 9 mm pistol,

from the United States, contrary to ECRA, a law and regulation of the United States.

All in violation of Title 18, United States Code, Sections 554(a) and 2.

## COUNT SIX

**(18 U.S.C. § 554 - Smuggling)**

On or about July 12, 2021, in the Houston Division of the Southern District of Texas,

**RAMI ALI MATTAR,**

defendant herein, did fraudulently and knowingly export and send, and attempted to export and

send, any merchandise, article and object, to wit the following firearms:

(1) a Magnum Research, Desert Eagle, .357 caliber pistol;

(2) a Ruger, Ruger-57, 5.7 mm pistol;

(3) a Tanfoglio, Witness 9, 9 mm pistol; and

(4) a CZ, BREN, .223 caliber rifle,

from the United States, contrary to ECRA, a law and regulation of the United States.

All in violation of Title 18, United States Code, Sections 554(a) and 2.

## COUNT SEVEN

**(18 U.S.C. § 554 - Smuggling)**

On or about June 10, 2021, in the Houston Division of the Southern District of Texas,

**RAMI ALI MATTAR,**
**and**
**HASSAN AL GHARAWI,**

7

defendants herein, did fraudulently and knowingly export and send, and attempted to export and send, any merchandise, article and object, to wit the following firearms:

> (1) a SIG Sauer, P320, 9 mm pistol;
>
> (2) a Glock, 17, 9 mm pistol; and
>
> (3) a Kel-Tec, PMR-30, .22 caliber pistol,

from the United States, contrary to ECRA, a law and regulation of the United States.

All in violation of Title 18, United States Code, Sections 554(a) and 2.

## NOTICE OF CRIMINAL FORFEITURE

### 18 U.S.C. § 554
### 50 U.S.C. §4819(d)(1)

Pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Title 50, United States Code, Section 4819(d)(1), the United States of America hereby gives notice to defendants,

**HASSAN ALI ALBORAGEEF,**
**SAIF TAHA AL MAYYAHI,**
**RAMI ALI MATTAR,**
**ROSE BERBERIAN,**
**and**
**HASSAN AL GHARAWI,**

that upon conviction of a violations of 18 U.S.C. § 554, as charged in this Indictment, all merchandise exported or sent from the United States or attempted to be exported or sent from the United States contrary to law, or the proceeds or value thereof, and property used to facilitate the exporting or sending of such merchandise, the attempted exporting or sending of such merchandise, or the receipt, purchase, transportation, concealment, or sale of such merchandise prior to exportation shall be forfeited to the United States and includes, but is not limited to the following:

1.  $32,532 U.S. Currency;
2.  $10,000 U.S. Currency;
3.  $2,882 U.S. Currency;
4.  $38,510 U.S. Currency; and
5.  802 assorted firearms and their associated magazines, parts, cases and ammunition.

A TRUE BILL:

ORIGINAL SIGNATURE ON FILE
FOREPERSON OF THE GRAND JURY

JENNIFER LOWERY
ACTING UNITED STATES ATTORNEY

BY: _____
Steven Schammel
Assistant U.S. Attorney

BY: _____
Heather Winter
Assistant U.S. Attorney